## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RIVER WEST PLAZA-CHICAGO, LLC, | ) | Case No. 09-46258 |
| d/b/a JOFFCO SQUARE, | ) | |
| | ) | Honorable Eugene R. Wedoff |
| Debtor. | ) | |
| | ) | Hearing Date: November 17, 2010 at 9:30 a.m. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **Wednesday, November 17, 2010 at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Eugene R. Wedoff in the courtroom usually occupied by him, Courtroom No. 744, in the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois, or before any judge who may be sitting in his place or stead, and shall then and there present the **Final Application of RSM McGladrey, Inc. as Debtor's Litigation Consultant for Allowance of Compensation and Reimbursement of Expenses from March 4, 2010 Through August 27, 2010**, a copy of which is attached hereto and hereby served upon you, at which time and place you may appear as you see fit.

Dated: October 27, 2010                                        **MELTZER, PURTILL & STELLE LLC**

By: /s/ David L. Kane
One of Its Attorneys

Forrest B. Lammiman (ARDC No. 6208632)
David L. Kane (ARDC No. 6277758)
MELTZER, PURTILL & STELLE LLC
300 South Wacker Drive, Suite 3500
Chicago, Illinois 60606
(312) 987-9900
(312) 987-9854 (facsimile)

## CERTIFICATE OF SERVICE

I, David L. Kane, an attorney, certify that on October 27, 2010, I caused copies of the attached **Notice of Motion** and **Final Application of RSM McGladrey, Inc. as Debtor's Litigation Consultant for Allowance of Compensation and Reimbursement of Expenses from March 4, 2010 Through August 27, 2010,** to be served via electronic notice on the parties appearing in the Court's CM/ECF system.

By: /s/ David L. Kane

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RIVER WEST PLAZA-CHICAGO, LLC, | ) | Case No. 09-46258 |
| d/b/a JOFFCO SQUARE, | ) | |
| Debtor. | ) | Honorable Eugene R. Wedoff |

FINAL APPLICATION OF RSM MCGLADREY, INC.
AS DEBTOR'S LITIGATION CONSULTANT
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FROM MARCH 4, 2010 THROUGH AUGUST 27, 2010

Pursuant to section 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), RSM McGladrey, Inc. ("RSM"), as litigation consultant to River West Plaza-Chicago LLC (the "Debtor"), appointed in the above-captioned case, hereby submits this final application (the "Final Application") for the allowance of $71,272.20 in compensation for 193.00 hours of professional services rendered as Litigation Consultants to the Debtor, for the period commencing March 4, 2010 to and including September 27, 2010 (the "Fee Period"), and the reimbursement of $158.83 for actual costs incurred incident to those services. In support of the Final Application, RSM respectfully represents and alleges as follows:

## BACKGROUND

1.     1. This Court has jurisdiction over this Fee Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     On December 7, 2009 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101-1532 (as amended, the "Bankruptcy Code") with the United States Bankruptcy Court for the Northern

District of Illinois (the "Court"), commencing the above captioned Chapter 11 case. The Debtor continues to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(c) and 1108 of the Bankruptcy Code.

3. No creditors' committee has been appointed in this case.

4. On December 17, 2009, the Court entered the Order Granting Motion for Entry of an Order Establishing Professional Fee Application Procedures [Docket No. 33] (the "Fee Application Procedures Order"), authorizing the payment of ninety percent (90%) of monthly fees and one hundred percent (100%) of expenses incurred, following circulation of a monthly fee statement to certain notice parties set forth therein (each, a "Monthly Fee Statement").

5. By Order entered on March 9, 2010, RSM was retained to represent the Debtors as litigation consultants *nunc pro tunc* to March 4, 2010, a copy of which is attached hereto as **Exhibit A**.

## SUMMARY OF SERVICES

6. In connection with the professional services described below, by this Final Application, RSM seeks allowance of compensation in the amount of $71,272.20 for the Fee Period.

7. RSM maintains written records for the time expended by professionals in the rendition of their services to the Debtor. A detailed description of services rendered is annexed hereto as **Exhibit B**. A summary description of services rendered for the Fee Period March 4, 2010 through August 27, 2010 is annexed hereto as **Exhibit C**. Such records were made contemporaneously with the rendition of services by each person rendering such services and in the ordinary course of RSM's practice, and are presented in a form which is in compliance with

the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under U.S.C. § 330 issued on January 30, 1996.

8. The services rendered by RSM during the Fee Period are grouped by task category and by professional as set forth in **Exhibit D**. The professionals who rendered these services are identified, along with the number of hours for each task category and the total compensation sought for each, in the attachment hereto. Details regarding the type and nature of the services are described below at full value:

### BUSINESS ANALYSIS (TOTAL HOURS: 41.10; TOTAL FEES: $9,334.80)

9. At the request of Meltzer, Purtill & Stelle ("Counsel"), Counsel to the Debtor, RSM reviewed documents produced by the Debtor's staff. RSM utilized this analysis to prepare and submit an expert report regarding the Debtor's plans of reorganization. RSM performed the following procedures:

(a) Review and verification of the cash flow model calculations;

(b) Review and analysis of leasing revenues;

(c) Review and analysis of overhead calculations;

(d) Review and analysis of payroll disbursements;

(e) Performed industry research;

(f) Budget to actual analysis and assistance with reporting results for the cash collateral period;

(g) Analysis of the Debtor's annual financial results of operations; and,

(h) Analysis of the Debtor's quarterly financial results of operations.

## FINANCING (TOTAL HOURS: 14.50; TOTAL FEES: $3,861.00)

10.     At the request of Counsel, RSM performed the following tasks related to the Debtor's use of cash collateral and business operations:

   (a) Review and analysis of estimated expenses;

   (b) Review and analysis of estimated revenues and collections;

   (c) Review of liquidity and loan balance computations;

   (d) Review and analysis of most recent appraisals;

   (e) Analysis of the Debtor's forecasts re: collateral balances;

   (f) Analysis of the Debtor's disbursement forecasts;

   (g) Analysis of sources and uses of cash; and,

   (h) Preparation of budget-to-actual analyses.

## PLANS OF REORGANIZATION (TOTAL HOURS: 12.90; TOTAL FEES: $5,296.60)

11.     At the request of Counsel and the Debtor, RSM performed the following tasks related to the Debtor's plans of reorganization and disclosure statements:

   (a) Work with the Debtor and Counsel regarding the formulation of plan terms;

   (b) Work with the Debtor to analyze the Debtor's business forecast of the utilization of existing Lender collateral;

   (c) Work with the Debtor to prepare supporting schedules and presentation materials regarding its plan of reorganization and disclosure statement;

   (d) Review supporting documentation for key business assumptions under the plan of reorganization including, but not limited to, interest rates, forecasts of commercial real estate price appreciation, construction costs, overhead, payroll, cash forecasts, etc.;

(e) Review estimated claims utilized in the plan of reorganization; and,

(f) Attended multiple meetings and working sessions with the Debtor and Counsel regarding negotiations and proposed plan terms.

### LITIGATION CONSULTING (TOTAL HOURS: 121.30; TOTAL FEES: $51,362.00)

12.   At the request of Counsel and the Debtor, RSM performed the following tasks related to Court hearings regarding the Debtor's plans of reorganization:

(a) Prepared a report of our findings from RSM's business analysis;

(b) Prepared exhibits and schedules regarding the Debtor's use of cash collateral and business plan;

(c) Prepared exhibits and schedules used in Court hearings regarding the Debtor's Disclosure Statement and Plan of Reorganization; and

(d) Provided testimony in court regarding the Debtor's Plan of Reorganization and Disclosure Statement.

### FEE/EMPLOYMENT APPLICATION (TOTAL HOURS: 3.20; TOTAL FEES: $1,417.80)

13.   RSM spent time drafting its affidavit for employment for the subject case, preparing its Monthly Fee Statements and this Final Application.

### SUMMARY OF EXPENSES (TOTAL: $158.83)

14.   RSM requests reimbursement of the actual and necessary costs expended by RSM during the Fee Period in the amount of $158.83. All of the expenses for which reimbursement is sought are expenses that RSM customarily recoups from all of its clients. A listing of the specific expenses incurred during the Fee Period for which reimbursement is requested is included in **Exhibit E**.

15.   All expenses incurred by RSM were ordinary and necessary expenses. All expenses billed to the Debtor were billed in the same manner as RSM bills non-bankruptcy clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other districts.

## MONTHLY FEE STATEMENTS

16.   To date, the Debtor has paid RSM $64,144.98 for services rendered and $158.83 for expenses incurred relating to RSM's Monthly Fee Statements for services rendered from March 4, 2010 through September 27, 2010. This represents 90% of professional fees and 100% reimbursement of expenses requested in RSM McGladrey's Monthly Fee Statements in accordance with the Court's Fee Application Procedures Order. A reconciliation of the total professional fees and reimbursement of expenses requested by RSM is as follows:

|  | Mar 4 – Apr 30 | May 1 – Sept 27 | Total |
|---|---|---|---|
| Professional Fees Accrued | $44,666.20 | $26,606.00 | $71,272.20 |
| Reimbursement of Expenses | 56.97 | 101.86 | 158.83 |
| Total | 44,723.17 | 26,707.86 | 71,431.03 |
| Less Payment of Fees and Expenses | (40,256.55) | (24,047.26) | (64,303.81) |
| Net Outstanding | $4,466.62 | $2,660.60 | $7,127.22 |

## VALUE OF SERVICES

17.   RSM and its personnel have extensive experience in all facets of Chapter 11 and Chapter 7 bankruptcy proceedings. In addition to representing debtors, RSM has served as accountants and financial advisors to trustees and creditors' committees. Moreover, RSM has significant experience serving as a consultant and expert in analyzing defenses under Section 547(c)(2) of the Bankruptcy Code.

18.   The hourly rates charged by RSM are comparable to rates that RSM would charge to non-bankruptcy client work of a similar nature and complexity. RSM's rates are

subject to Bankruptcy Court approval and are not otherwise contingent. RSM submits, that based upon the criteria set forth in Section 330(a)(1) of the U.S. Bankruptcy Code, the extent, nature and value of the services rendered, the time spent on such services, the cost of the comparable services other than in a case under the Bankruptcy Code, the result achieved, the quality of services, the costs of comparable services in Chapter 7 and 11 cases in this jurisdiction and RSM's standing and reputation in the community and expertise in providing services of this nature, the request for compensation is fair and reasonable under the circumstances.

19. All of the services and expenses for which compensation and reimbursement are hereby requested were rendered or incurred solely on behalf of the Debtor and at the Debtor's request and direction, and not on behalf of any other entity. All such services and expenses are compensable pursuant to Section 330 of the U.S. Bankruptcy Code and Bankruptcy Rule 2016.

20. The expert witness and consulting services rendered by the Applicant during the Fee Period have been consistent with the Orders of the Court authorizing the employment and retention of RSM, the Bankruptcy Code and the United States Trustee Guidelines, as adopted in this district, and have provided a substantial benefit to the Debtor and its estate.

21. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amounts requested for compensation are fair and reasonable given (a) the complexity of the case, (b) the time expended by the financial advisors and other professionals at RSM, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

## **NOTICE**

22. A complete copy of this Final Application has been provided to this Court, the Debtor, and other parties in interest entitled to notice in this case. Based on the extent of notice

already provided, RSM respectfully requests that the Court find that notice was sufficient and that additional notice of the hearing on this Final Application be waived for good cause shown pursuant to Rules 2006(a), 2002(i), and 9007 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, RSM respectfully requests that it be allowed compensation in the amount of $71,272.20 for professional services rendered and the reimbursement of expenses in the amount of $158.83 for the Fee Period, and it be granted such other and further relief as the Court may deem just and proper, including:

(a) Allowance of $71,272.20 in final compensation for the Fee Period;

(b) Allowance of $158.83 in expense reimbursement for the Fee Period;

(c) Authorization the Debtor to pay $7,127.22 to RSM, comprising the balance due after credit for payments received by RSM pursuant to its Monthly Fee Statements;

(d) Waiving other and further notice of the hearing with respect to this Final Application; and

(e) Granting final approval of all fees and expenses being sought by RSM as detailed in this Final Application;

(f) Providing RSM with such additional relief as may be appropriate and just under the circumstances.

Dated: October 27, 2010
Chicago, Illinois

Respectfully submitted,

*[signature]*

Scott Peltz, Managing Director
RSM McGladrey, Inc.
One S. Wacker Drive, Suite 800
Chicago, IL 60606
Telephone: (312) 634-4728

*and filed by*

**MELTZER, PURTILL & STELLE LLC**

By: /s/ David L. Kane
One of the Debtor's Attorneys

Forrest B. Lammiman (ARDC No. 6208632)
David L. Kane (ARDC No. 6277758)
MELTZER, PURTILL & STELLE LLC
300 South Wacker Drive, Suite 3500
Chicago, Illinois 60606
(312) 987-9900
(312) 987-9854 (facsimile)

# VERIFICATION

STATE OF ILLINOIS            )
                             )  SS:
COUNTY OF COOK               )

SCOTT PELTZ, after being duly sworn according to law, deposes and says:

1. I am a Managing Director with the accounting firm of RSM McGladrey, Inc., litigation consultants River West Plaza-Chicago, LLC (the "Debtor"), appointed in the above-captioned case.

2. I have read the foregoing Final Application of RSM McGladrey, Inc. for allowance of compensation and reimbursement of expenses and know the contents thereof and that the same are true and correct, to the best of my knowledge, information and belief.

3. In accordance with Section 504 of the United States Bankruptcy Code, no agreement of understanding exists between me, my firm, or any professional thereof, for a division of compensation as accountants to the Chapter 11 Trustee.

_____
Scott Peltz

SWORN TO AND SUBSCRIBED before me this 27th day of October, 2010.

_____
NOTARY PUBLIC

My Commission Expires: March 15, 2014

> OFFICIAL SEAL
> NANCY J. RADTKE
> Notary Public - State of Illinois
> My Commission Expires Mar 15, 2014