UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RIVER WEST PLAZA-CHICAGO, LLC, | ) | Case No. 09-46258 |
| d/b/a JOFFCO SQUARE, | ) | |
| | ) | Honorable Eugene R. Wedoff |
| Debtor. | ) | |
| | ) | Hearing Date: November 17, 2010 at 9:30 a.m. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **Wednesday, November 17, 2010 at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Eugene R. Wedoff in the courtroom usually occupied by him, Courtroom No. 744, in the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois, or before any judge who may be sitting in his place or stead, and shall then and there present the **Final Application of Zimmerman Real Estate Group, Ltd. for Allowance of Compensation and Reimbursement of Expenses for Period from March 4, 2010 through September 30, 2010**, a copy of which is attached hereto and hereby served upon you, at which time and place you may appear as you see fit.

Dated: October 27, 2010                                    **MELTZER, PURTILL & STELLE LLC**

                                                By:  /s/ David L. Kane
                                                     One of Its Attorneys

Forrest B. Lammiman (ARDC No. 6208632)
David L. Kane (ARDC No. 6277758)
MELTZER, PURTILL & STELLE LLC
300 South Wacker Drive, Suite 3500
Chicago, Illinois 60606
(312) 987-9900
(312) 987-9854 (facsimile)

## CERTIFICATE OF SERVICE

I, David L. Kane, an attorney, certify that on October 27, 2010, I caused copies of the attached **Notice of Motion** and **Final Application of Zimmerman Real Estate Group, Ltd. for Allowance of Compensation and Reimbursement of Expenses for Period from March 4, 2010 through September 30, 2010**, to be served via electronic notice on the parties appearing in the Court's CM/ECF system.

                                                     /s/ David L. Kane

{33195: 002: 00595332.DOC : }

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RIVER WEST PLAZA-CHICAGO, LLC, | ) | Case No. 09-46258 |
| d/b/a JOFFCO SQUARE, | ) | |
| | ) | Honorable Eugene R. Wedoff |
| Debtor. | ) | |
| | ) | Hearing Date: November 17, 2010 at 9:30 a.m. |

**FINAL APPLICATION OF ZIMMERMAN REAL ESTATE GROUP, LTD. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM MARCH 4, 2010 THROUGH SEPTEMBER 30, 2010**

Zimmerman Real Estate Group, Ltd. ("Zimmerman"), valuation advisor to River West Plaza-Chicago, LLC, d/b/a Joffco Square, debtor and debtor-in-possession in the above-captioned case (the "Debtor"), pursuant to 11 U.S.C. §§ 330 and 503(b)(2,) and the Fee Application Procedures Order (as defined hereafter), hereby applies (the "Fee Application") for the entry of an order allowing as its final compensation the amount of $7,750.00 for valuation advisory services rendered and $96.72 for expenses during the period from March 4, 2010 to September 30, 2010. Of the total amount of fees and expenses sought, $6,975.00 has been paid to date and shall be credited against the amounts allowed under this Fee Application and $871.72 remains outstanding (including fees subject to a ten percent (10%) holdback pursuant to the Fee Application Procedures Order). In support hereof, Zimmerman respectfully states as follows:

**INTRODUCTION**

1. This Court has jurisdiction over this Fee Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. On December 7, 2009 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate

its business and manage its property as debtor-in-possession pursuant to sections 1107(c) and 1108 of the Bankruptcy Code.

3. No creditors' committee has been appointed in this case.

4. On December 17, 2009, the Court entered the *Order Granting Motion for Entry of an Order Establishing Professional Fee Application Procedures* [Docket No. 33] (the "Fee Application Procedures Order"), authorizing the payment of ninety percent (90%) of monthly fees and one hundred percent (100%) of expenses incurred, following circulation of a monthly fee statement to certain notice parties set forth therein (each, a "Monthly Fee Statement").

5. On March 9, 2010, the Court entered the *Order Granting Application to Employ and Retain Zimmerman Real Estate Group, Ltd. as Valuation Advisor for the Debtor Pursuant to 11 U.S.C 327(a) and 329* [Docket No. 102] (the "Retention Order"), approving employment of Zimmerman as valuation advisor to the Debtor retroactive to March 4, 2010.

## PROFESIONALS AND SERVICES PROVIDED

6. The Zimmerman valuation advisors performing services for the Debtor, and their respective hourly billing rates, are set forth in the chart below. The hourly rates for the Zimmerman professionals listed below are customary, reasonable and comparable to hourly rates charged for similar legal services by similarly skilled professionals in the Chicago area.

| Professional | Category | Rate | Hours | Amount |
|---|---|---|---|---|
| Susan Z. Ulman (su) | President | 250.00 | 18.50 | $ 4,625.00 |
| Sean Schneider (ss) | Associate | 250.00 | 12.50 | $ 3,125.00 |
| **Total** | | | **31.00** | **$ 7,750.00** |

7. Pursuant to Bankruptcy Rule 2016(a) and Local Rule 5082-1, a narrative summary of the services rendered by Zimmerman during the period from March 4, 2010 to September 30, 2010 is set forth below:

{33195: 002: 00595332.DOC : }

    a. <u>Valuation Advisory Services</u>. The fees in this category include, without limitation, time expended for the following: conferences with Debtor's counsel; review of documents, including appraisals, rent rolls and plans; preparation of addenda to appraisal report; review of reports and materials provided by Lender's experts; testimony regarding the above at confirmation trial. Zimmerman has expended a total of **31.00 hours** in this category and is seeking compensation in the amount of **$7,750.00**.

8. Pursuant to the Engagement Agreement between Zimmerman and the Debtor, and approved by the Court in the Retention Order, interest expense of $96.72 is currently payable to Zimmerman by the Debtor. A copy of the Engagement Agreement is attached hereto as **Exhibit A** and a statement showing the amount of the 10% holdback ($775.00) and the accrued interest expense ($96.72) is attached hereto as **Exhibit B**.

9. There has been no unnecessary duplication of services by the Zimmerman professionals, either by partners or associates of Zimmerman. Where two or more professionals participated in any activity, if any, such joint participation was necessary as a result of (a) either the size or complexity of the matters involved or (b) the need to familiarize each attorney with the matters at issue so that such attorney could perform further necessary services.

## MONTHLY FEE STATEMENTS

10. Pursuant to the Fee Application Procedures Order which established procedures for monthly provisional payments of fees and expenses, Zimmerman has requested ninety percent (90%) of its fees and one hundred percent (100%) of its expenses for services and expenses for the period from March 4, 2010 through September 30, 2010 through circulation of its Monthly Fee Statements, summarized as follows:

| Monthly Fee Statement | Total Fees | Total Expenses | 90% of Fees Requested | Total Requested (90% of Fees and 100% of Expenses) | Amount Paid to Date | Amount of 10% Holdback |
|---|---|---|---|---|---|---|
| March '10 | $ 7,750.00 | $ 0.00 | $ 6,975.00 | $ 6,975.00 | $ 6,975.00 | $ 775.00 |
| Total: | $ 7,750.00 | $ 0.00 | $ 6,975.00 | $ 6,975.00 | $ 6,975.00 | $ 775.00 |

11. Itemized and detailed descriptions of the specific services rendered and expenses incurred by Zimmerman to the Debtor during this period are reflected on the billing statements attached to the Monthly Fee Statements. The billing statements set forth the name or initials of each professional providing service, the date on which each service was rendered, a description of the services rendered and the amount of time expended rendering each service in one-quarter (0.25) hourly intervals.

12. True and accurate copies of each of the Monthly Fee Statements of Zimmerman for the period from March 4, 2010 to September 30, 2010 are attached hereto as follows:

   a. **Schedule 1**: Monthly Fee Statement for March 2010.

13. Neither Zimmerman nor the Debtor has received any objections to the previously circulated Monthly Fee Statements. Accordingly, the Debtor has made interim fee payments to Zimmerman pursuant to the Fee Application Procedures Order, which interim payments shall be credited against the amounts allowed under this Fee Application.

## CONCLUSION

14. Zimmerman respectfully submits that the fees and expense reimbursement sought to be approved herein are reasonable given the nature, extent and value of services rendered, the complexity of the issues, the quality and skill which the matters required and the costs of comparable services in similar case under Chapter 11 in this District.

{33195: 002: 00595332.DOC : }

15. Zimmerman has expended a total of 31.00 hours for the services described above. The total value of the services and the allowance of compensation requested for those services is $7,750.00.

16. Zimmerman has thus far received $6,9750.00 in interim payments to be credited against the amounts allowed under this Fee Application. The aggregate holdback of (a) 10% of allowed fees, which to date equals $7,750.00 and (b) interest expense of $96.72 shall be paid to Zimmerman upon entry of the order approving this Fee Application.

## NOTICE

17. Pursuant to the Fee Application Procedures Order, notice of this Fee Application has been given to: (a) the Office of the United States Trustee; (b) counsel to Bank of America, N.A.; and (c) each party that has filed an appearance or requested notice pursuant to Federal Bankruptcy Rule 2002. In light of the nature of the relief requested, Zimmerman submits that no further notice is required.

WHEREFORE, Zimmerman respectfully requests that the Court enter an order (a) allowing and awarding as its final compensation the amount of $7,750.00 for compensation of fees and $96.72 for interest expenses, respectively, for the period from March 4, 2010 to September 30, 2010 pursuant to 11 U.S.C. § 330; (b) authorizing the Debtor to pay to Zimmerman the combined awarded amount, less any amounts previously paid to Zimmerman pursuant to the Monthly Fee Statements; and (c) granting such other and further relief as is just and proper.

Dated: October 27, 2010                          Respectfully submitted,

                                                                            **ZIMMERMAN REAL ESTATE GROUP, LTD.**

          *and filed by*

          **MELTZER, PURTILL & STELLE LLC**

By:  /s/ David L. Kane
      One of the Debtor's Attorneys

Forrest B. Lammiman (ARDC No. 6208632)
David L. Kane (ARDC No. 6277758)
MELTZER, PURTILL & STELLE LLC
300 South Wacker Drive, Suite 3500
Chicago, Illinois 60606
(312) 987-9900
(312) 987-9854 (facsimile)

{33195: 002: 00595332.DOC : }

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RIVER WEST PLAZA-CHICAGO, LLC, | ) | Case No. 09-46258 |
| d/b/a JOFFCO SQUARE, | ) | |
| | ) | Honorable Eugene R. Wedoff |
| Debtor. | ) | |

## VERIFICATION

SUSAN ULMAN, after being duly sworn according to law, deposes and says:

1. I am the President of Zimmerman Real Estate Group, Ltd., valuation advisors to River West Plaza-Chicago, LLC, d/b/a Joffco Square, debtor and debtor-in-possession in the above-captioned case.

2. I have read the foregoing *Final Application of Zimmerman Real Estate Group, Ltd. for Allowance of Compensation and Reimbursement of Expenses for Period from March 4, 2010 through September 30, 2010* and the contents thereof, and the same are true and correct to the best of my knowledge, information and belief.

3. No agreement exists between me or my firm with any other entity to share any compensation received or to be received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

Susan Z. Ulman, President
Zimmerman Real Estate Group, Ltd.

Sworn to before me this 26
day of October, 2010

Notary Public

"OFFICIAL SEAL"
Kristin Van Kampen
Notary Public, State of Illinois
My Commission Expires 5/18/2014

My Commission Expires:

5/18/2014

{33195: 002: 00595388.DOC : }