UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RIVER WEST PLAZA-CHICAGO, LLC, | ) | Case No. 09-46258 |
| d/b/a JOFFCO SQUARE, | ) | |
| | ) | Honorable Eugene R. Wedoff |
| Debtor. | ) | |
| | ) | Hearing Date: February 22, 2011 at 10:00 a.m. |

### NOTICE OF MOTION

PLEASE TAKE NOTICE that on **February 22, 2011 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Eugene R. Wedoff in the courtroom usually occupied by him, Courtroom No. 744, in the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois, or before any judge who may be sitting in his place or stead, and shall then and there present the Debtor's **Motion for Entry of a Final Decree Closing Chapter 11 Case of River West Plaza-Chicago, LLC d/b/a Joffco Square**, a copy of which is attached hereto and hereby served upon you, at which time and place you may appear as you see fit.

Dated: February 18, 2011

**RIVER WEST PLAZA-CHICAGO, LLC, d/b/a JOFFCO SQUARE**

By: /s/ David L. Kane
    One of Its Attorneys

Forrest B. Lammiman (ARDC No. 6208632)
David L. Kane (ARDC No. 6277758)
MELTZER, PURTILL & STELLE LLC
300 South Wacker Drive, Suite 3500
Chicago, Illinois 60606
(312) 987-9900
(312) 987-9854 (fax)

# CERTIFICATE OF SERVICE

I, David L. Kane, an attorney, certify that on February 18, 2011, I caused copies of the attached **Notice of Motion** and **Motion for Entry of a Final Decree Closing Chapter 11 Case of River West Plaza-Chicago, LLC d/b/a Joffco Square** to be served upon the parties and in the manner set forth below.

s/ David L. Kane

## REGISTRANTS SERVED VIA CM/ECF NOTICE

- Michael R Curry    mrc@menges.com
- Daniel P. Dawson    ddawson@nisen.com, adrag@nisen.com
- Jason J DeJonker    jdejonker@seyfarth.com
- Brittany E Kirk    bkirk@nisen.com
- Forrest B Lammiman    flammiman@mpslaw.com, dkane@mpslaw.com;lbell@mpslaw.com;dnichols@mpslaw.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Joanne Lee    jlee@foley.com
- Mark E Leipold    mleipold@gouldratner.com, stamssot@gouldratner.com;hmartinez@gouldratner.com
- James J McNamara    jmcnamara@srcattorneys.com, jomalley@srcattorneys.com;efogel@srcattorneys.com
- Gus A Paloian    gpaloian@seyfarth.com
- Ryan Pinkston    rpinkston@seyfarth.com, chidocket@seyfarth.com
- Ryan T Schultz    rschultz@fhslc.com, docket@fhslc.com
- Michael J. Small    msmall@foley.com, khall@foley.com
- James B. Sowka    jsowka@seyfarth.com
- Lawrence J. Stark    lstark@spklaw.com
- John Xydakis    johnxlaw@gmail.com

## PARTIES SERVED VIA FIRST CLASS U.S. MAIL

| | |
|---|---|
| Bank of America, N.A.<br>Gus A. Paloian<br>Jason J. DeJonker<br>James B. Sowka<br>Seyfarth Shaw LLP<br>131 South Dearborn Street, Suite 2400<br>Chicago, IL 60603-5577 | Office of the U.S. Trustee, Region 11<br>219 South Dearborn Street, Room 873<br>Chicago, IL 60604<br>Attn: Cameron Gulden |

{33195: 002: 00633682.DOC : }

| | |
|---|---|
| ADT Security Services Inc.<br>Customer Service Department<br>14200 East Exposition Avenue<br>Aurora, CO 80012-2540 | Aramark<br>4200 South Halsted<br>Chicago, IL 60609 |
| AT&T<br>P.O. Box 8100<br>Aurora, IL 60507 | Aurora TriState Fire Protection Co.<br>1080 Corporate Blvd.<br>Aurora, IL 60502 |
| Automated Parking Technologies<br>1351 West Carroll Avenue<br>Chicago, IL 60607 | Bed Bath & Beyond, Inc.<br>650 Liberty Avenue<br>Union, NJ 07083<br>Attn: Warren Eisenberg/Allan Rauch |
| Bed Bath & Beyond, Inc.<br>c/o Edward M. Schotz<br>Cole, Schotz, Meisel, Forman & Leonard, PA.<br>Court Plaza North - 25 Main Street<br>Hackensack, NJ 07601 | Best Buy Stores, LP<br>Property Management<br>B-6 Legal Dept., Real Estate<br>7601 Penn Avenue South<br>Richfield, MN 55423 |
| City of Chicago<br>Bureau of Water Management<br>P.O. Box 6330<br>Chicago, IL 60680-6330 | City of Chicago<br>Department of Revenue<br>8108 Innovation Way<br>Chicago, IL 60682-0081 |
| ComEd<br>440 South LaSalle Street<br>Chicago, IL 60605-1028 | Commonwealth Edison Company<br>3 Lincoln Centre, 4th Floor<br>Oakbrook Terrace, IL 60181<br>Attn: Nancy Nimz |
| Compass Concrete Maintenance, Inc.<br>1231 West 105th Street<br>Chicago, IL 60643 | Debt Acquisition Company of America V, LLC,<br>1565 Hotel Circle South, Suite 310<br>San Diego, CA 92108 |
| CorePower Yoga, LLC<br>3901 West 32nd Avenue<br>Denver, CO 80212<br>Attn: Linda Schmehl, CFO | Countryside Landscape Arch. & Contr.<br>29947 North Rand Road<br>Wauconda, IL 60084 |
| Denali Spectrum Operations LLC<br>10307 Pacific Center Court<br>San Diego, CA 92121<br>Attn: Legal Dept. - Stefan Karnavas | G&C Construction & Sealants, Inc.<br>11641 South Ridgeland Avenue<br>Alsip, IL 60803 |

| | |
|---|---|
| Grainger<br>2356 South Ashland Avenue<br>Chicago, IL 60608-5304 | Greenberg Farrow Architecture, Inc.<br>3455 Salt Creek Lane, Suite 100<br>Arlington Heights, IL 60005 |
| High Rise Security Systems<br>762 Burr Oak Drive<br>Westmont, IL 60559 | Home Depot Credit Services<br>P.O. Box 9121<br>Des Moines, IA 50368-9121 |
| Inland Mechanical Service Corp.<br>234 James Street<br>Bensenville, IL 60106 | Amy and Leon Joffe<br>c/o Foley & Lardner LLP<br>321 North Clark Street, Suite 2800<br>Chicago, IL 60610<br>Attn: Michael Small & Joanne Lee |
| Lincoln Towing<br>4882 North Clark Street<br>Chicago, IL 60640 | Mesirow Financial<br>321 North Clark Street<br>Chicago, IL 60654 |
| M.J. Fogarty & Assoc., Inc.<br>13010 West 1549th Street<br>Homer Glen, IL 60491 | Melissa Norris<br>c/o Foley & Lardner LLP<br>321 North Clark Street, Suite 2800<br>Chicago, IL 60610<br>Attn: Michael Small & Joanne Lee |
| Peoples Gas<br>130 East Randolph Drive<br>Chicago, IL 60601-6207 | Program Design Management Inc.<br>518 Koerper Court<br>Wilmette, IL 60091 |
| Rankin, Inc.<br>1051 North Main Street, Suite D<br>Lombard, IL 60148 | River West Plaza-Chicago, LLC<br>Attn: Amy Joffe, Manager<br>5 Revere Drive, Suite 200<br>Northbrook, IL 60062 |
| Schuyler Roche &<br>Crisham, P.C.<br>One Prudential Plaza, Suite 3800<br>130 East Randolph Street<br>Chicago, IL 60601 | Securitas Security Services<br>12672 Collections Center Drive<br>Chicago, IL 60693 |
| Frank Schwab<br>c/o Law Office of John S. Xydakis, P.C.<br>Suite 200<br>7518 West Madison Street<br>Forest Park, IL 60130 | Shepard Schwartz<br> & Harris LLP<br>123 North Wacker Drive<br>Chicago, IL 60606-1662 |

3

| | |
|---|---|
| Snow Systems, Inc.<br>600 North Wolf Road<br>Wheeling, IL 60090-3030 | Stanley Access Technologies LLC<br>P.O. Box 0371595<br>Pittsburgh, PA 15251-7595 |
| Stanley Access Technologies LLC<br>Attn: Robert St. Paul<br>65 Scott Swamp Road<br>Farmington, CT 06032 | Stone Pogrund and<br>  Korey, LLC<br>1 East Wacker Drive, Suite 2610<br>Chicago, IL 60601 |
| The Rise Group, LLC<br>120 South LaSalle Street, Suite 1350<br>Chicago, IL 60603 | ThyssenKrupp Elevator<br>2305 Enterprise Drive<br>Westchester, IL 60154 |
| ThyssenKrupp Elevator<br>c/o Michael R. Curry<br>Menges & Molzahn LLC<br>20 North Clark Street, Suite 2300<br>Chicago, IL 60602 | Walker Restoration Consultants<br>36852 Eagle Way<br>Chicago, IL 60678 |
| Zale Administrative Services, LLC<br>5 Revere Drive, Suite 200<br>Northbrook, IL 60062 | Greenberg Farrow Architecture, Inc.<br>c/o Mark E. Leipold<br>Gould & Ratner LLP<br>222 North LaSalle Street, Suite 800<br>Chicago, IL 60609 |
| Kenako Partners, LLC<br>c/o Laurie A. Levin and Ryan T. Schultz<br>Fox, Hefter, Swibel, Levin & Carroll LLP<br>200 W. Madison, Suite 3000<br>Chicago, IL 60606 | Cook County Treasurer's Office<br>Legal Department<br>118 North Clark Street - Room 112<br>Chicago, Il 60602 |
| Securitas Security Services USA Inc<br>c/o Attn: Barbara Miller, Credit Dept<br>4330 Park Terrace Drive<br>Westlake Village, CA 91361 | Midwest Fireproofing, LLC<br>Attn: Scot Wieclaw<br>9404 Corsair Road Suite 102<br>Frankfurt, IL 60423 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RIVER WEST PLAZA-CHICAGO, LLC, | ) | Case No. 09-46258 |
| d/b/a JOFFCO SQUARE, | ) | |
| | ) | Honorable Eugene R. Wedoff |
| Debtor. | ) | |
| | ) | Hearing Date: February 22, 2011 at 10:00 a.m. |

**MOTION FOR ENTRY OF A FINAL DECREE CLOSING CHAPTER 11 CASE OF
RIVER WEST PLAZA-CHICAGO, LLC d/b/a JOFFCO SQUARE**

River West Plaza-Chicago, LLC d/b/a Joffco Square (the "Debtor") hereby moves the Court for entry of a final decree closing the above-captioned Chapter 11 bankruptcy case (the "Chapter 11 Case"). In support of the Motion, the Debtor respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for the relief requested herein are section 350 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

A. **The Chapter 11 Case and Joint Plan**

3. On December 7, 2009, the Debtor filed a voluntary Chapter 11 petition for relief with the United States Bankruptcy Court for the Northern District of Illinois (the "Court") commencing the Chapter 11 Case.

4. On October 4, 2010, the Debtor and Bank of America, N.A. ("Bank of America"), the Debtor's largest creditor, filed their Joint Chapter 11 Plan of Liquidation of Bank of

{33195: 002: 00633682.DOC : }

America, N.A. and River West Plaza-Chicago, LLC d/b/a Joffco Square (the "Joint Plan"). Under the Joint Plan, Bank of America and the Debtor proposed an auction sale (the "Auction") of the Debtor's only significant asset, a commercial shopping center located at 550 West Roosevelt Road in Chicago, Illinois ("Joffco Square"). Also on October 4, 2010, Bank of America and the Debtor filed a joint motion for an order approving certain sale procedures pursuant to, *inter alia*, 11 U.S.C. § 363(b) [Dkt. No. 394] (the "Sale Motion"). The Court entered an order granting the Sale Motion (the "Sale Procedures Order") on October 28, 2010. Under the Sale Procedures Order, the Auction was scheduled for and held on December 15, 2010.

**B.    The Auction and Plan Confirmation**

5.    On December 15, 2010, Bank of America and the Debtor jointly conducted the Auction in compliance with the procedures set forth in the Sale Procedures Order. In accordance with the Sale Procedures Order, Bank of America designated a designee of Inland Real Estate Corporation ("Inland") as the prevailing bidder at the Auction.

6.    Following a joint confirmation and sale hearing on December 22, 2010, the Court entered an order confirming the Joint Plan [Dkt. No. 498] (the "Confirmation Order"). The Court also entered an order approving the sale of substantially all of the Debtor's assets, including Joffco Square, pursuant to 11 U.S.C. §§ 105(a) and 363 [Dkt. No. 495] (the "Sale Approval Order") to Inland.

**C.    Occurrence of the Effective Date, the Closing of the Sale of Joffco Square and Substantial Consummation of the Joint Plan**

7.    On January 11, 2011 (the "Effective Date"), pursuant to Sections 1.1.37 and 13.2 of the Joint Plan and the Confirmation Order, the Joint Plan became effective, and Bank of America and the Debtor filed a notice to that effect with the Bankruptcy Court [Dkt. No. 506].

2

That same day, the Debtor consummated and closed the sale of Joffco Square to Inland pursuant to the Sale Approval Order. As a result of the sale of Joffco Square to Inland, the Debtor received over $23.0 million in sale proceeds.

8.  Since the Effective Date, the Debtor has worked diligently to implement the Joint Plan. A status of matters relating to the Debtor's Chapter 11 case and of distributions under the Joint Plan is as follows:

   a.  *Secured Claims*. Utilizing the proceeds of the sale of Joffco Square, the Debtor made a distribution of $23,169,609 to Bank of America on account of its allowed secured claim against the Debtor.

   b.  *Unsecured Claims and Cure Claims*. As of the date of this Motion, the Debtor has distributed (i) $600,000 to Bank of America on account of its allowed unsecured deficiency claim and (ii) $94,090 in cash to other holders of allowed unsecured claims and cure claims against the Debtor. The Court has entered orders disallowing all other unsecured claims against the Debtor.

   c.  *Administrative Claims*. The bar date for administrative and professional fees claims passed on January 25, 2011. Motions for allowance of the only two outstanding administrative expense claims – (i) the administrative claim of Amy Joffe, the Debtor's manager and (ii) the final fee application of Meltzer, Purtill & Stelle LLC, the Debtor's counsel – are scheduled to be heard by the Court on February 22, 2011 (at the same time as the hearing on this Motion).

   d.  *Adversary Proceedings*. As of the date of this motion, one adversary proceeding remains open: Adv. Pro. No. 10-02574 against Greenberg Farrow Architecture, Inc. ("GFA"). The Debtor's objection to the GFA claim has been consolidated

3

with the adversary proceeding, and the Debtor has fully funded its Disputed Claim Reserve in the amount $225,617 (the amount set forth on the GFA proof of claim).

e. *Appeals*. One claimant, Frank Schwab, is still pursuing an appeal of his disallowed claim before the District Court for Northern of District of Illinois, Case No. 10-cv-07227. The matters on appeal have been fully briefed and the District Court has scheduled a target ruling date for March15, 2011.

9. Section 13.1 of the Joint Plan provides that the Joint Plan "shall be deemed substantially consummated immediately on the funding of the payment to all Holders of Allowed Claims." Based on the distributions described above, the Debtor has substantially consummated the Joint Plan.

## RELIEF REQUESTED

10. The Debtor request that the Court issue a final decree closing the Debtor's estate as provided for in Bankruptcy Rule 3022.

## BASIS FOR RELIEF REQUESTED

11. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Rule 3022 of the Bankruptcy Rules, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a Chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Bankruptcy Rule 3022.

12. The term "fully administered" is not defined by either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Notes to Bankruptcy Rule 3022, however, set forth

4

the following non-exclusive list of factors to be considered to determine whether a case has been fully administered: (i) whether the order confirming the plan has become final; (ii) whether deposits required by the plan have been transferred; (iii) whether the property proposed by the plan to be transferred has been transferred; (iv) whether the debtor [or its successor] has assumed the business or management of the property dealt with by the plan; (v) whether payments under the plan have commenced; and (vi) whether all motions, contested matters and adversary proceedings have been finally resolved.

13.     These six factors, however, are merely guidelines that aid a court's determination, and each of the factors need not be present before a court enters a final decree. *See In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). In particular, courts have held that open related adversary proceedings should not be enough to prevent closure of a bankruptcy case. *See, e.g.. In re JMP-Newcor International, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (Barliant, J.) (where the only matters remaining are certain disbursements and an adversary proceeding, case can be closed); *In re McClelland*, 377 B.R. 446, 453 (Bankr. S.D.N.Y. 2007) (if an estate is otherwise fully administered, one adversary proceeding should not delay closing case); In re Union Home & Indus., Inc., 375 B.R. 912, 918 (10th Cir. BAP 2007) (same). Courts have also found that it is not necessary to complete a final distribution under a plan of reorganization to close a case. *See, e.g., JMP-Newcor International*, 225 B.R. at 465; *Jay Bee Enterprises*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997).

14.     The Debtor's Chapter 11 Case has been fully administered within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing the Chapter 11 Case. The confirmation order became final and non-appealable on or about January 11, 2011. Shortly thereafter, the Plan was substantially consummated, at which

5

time Inland received the property to which it was entitled under the Joint Plan and assumed the business and management of that property, Joffco Square. Moreover, as set forth above, since the Effective Date, the Debtor has made distributions on all allowed secured, unsecured and cure claims filed against it. In addition, the Debtor expects that allowance of the two remaining administrative claims will take place on the hearing date set for this Motion and the Debtor maintains sufficient reserves to satisfy any necessary distributions on those claims.

15. The only remaining open matters, therefore, are the GFA adversary claim and the Schwab appeal. As such, the Court should close the Chapter 11 Case. In fact, leaving the Debtor's cases open causes the Debtor to incur unnecessary quarterly United States Trustee fees. 28 U.S.C. §1930. Accordingly, there is ample justification for entry of a final decree closing the Debtor's Chapter 11 Case at this time.

## NOTICE

16. The Debtor respectfully requests that the Court shorten the time period required by Local Rule 9013-3 for notice of this Motion. Shortening the notice period will allow the Motion to be heard at the same time as the previously scheduled administrative claims hearing. The Debtor submits that no further notice is necessary under the circumstances because all creditors (with the exception of GFA, Schwab, and the two administrative claimants) have already received final distributions under the Joint Plan. With the exception of the pending adversary proceeding, the Debtor expects that the hearing on this Motion will be the final matter before the Court in the Debtor's Chapter 11 Case.

17. Pursuant to Bankruptcy Rules 2002 and 3022, and Local Rule 3022-1, notice of the hearing on the Motion is being contemporaneously served upon (i) the U.S. Trustee, (ii) all creditors and parties-in-interest, and (iii) each party filing an appearance or requesting notice in

the Debtor's Chapter 11 Case. The Debtor submits that the aforementioned service constitutes good and sufficient notice of the Motion under the circumstances and that no further or other notice is required.

WHEREFORE, the Debtor respectfully requests that the Court enter a final decree closing the Chapter 11 Case and shortening notice as set forth herein.

Dated: February 18, 2011

**RIVER WEST PLAZA-CHICAGO, LLC, d/b/a JOFFCO SQUARE**

By: /s/ David L. Kane
    One of Its Attorneys

Forrest B. Lammiman (ARDC No. 6208632)
David L. Kane (ARDC No. 6277758)
MELTZER, PURTILL & STELLE LLC
300 South Wacker Drive, Suite 3500
Chicago, Illinois 60606
(312) 987-9900
(312) 987-9854 (fax)