# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | **Case No. 09-46258** |
| | ) | |
| RIVER WEST PLAZA-CHICAGO  LLC | ) | Chapter 11 |
|                  Debtor | ) | Honorable Judge Wedoff |

## CREDITOR FRANK SCHWAB'S RESPONSE IN OPPOSITION TO ENTRY OF A FINAL DECREE

NOW COMES Creditor Frank Schwab (hereafter "Schwab"), by and through his attorney, the Law Office of John S. Xydakis, P.C., and in responding in opposition to River West Plaza Chicago, L.LC.'s (hereafter "Debtor") motion for a final decree closing the above-captioned case and moving this Honorable Court to strike the same, states as follows:

1.    Debtor's motion for a final decree closing the above-captioned case should be denied and its motion should be stricken for the following reasons.

2.    First, as Debtor admits, there are still numerous matters that are still not been resolved in addition to Schwab's appeal of the denial of his proof of claim, which is expected to be ruled on by the Honorable Judge Bucklo sometime in March 2011.

3.    Although should Schwab prevail on his appeal the bankruptcy court can set aside the sale pursuant to  Federal Rule of Civil Procedure 60(b)(6) and Bankruptcy Rule 9024, closing the case when it would likely have to be reopened in the near future appears to be a fruitless exercise. *Matter of Met-L-Wood*, 861 F.2d 1012, 10818 (7th Cir 1988)("confirmed sales – which are final judicial orders – can be set aside under Rule 60(b)); *In re Koerkenmeier*, 344 B.R. 603,

606-07 (Bankr. W.D. Mo. 2006) (although court could properly consider anything within its jurisdiction even if the case were closed, counsel was required to move for reopening as a condition).

4. Second, Debtor is trying to simply ram this final decree through by motioning it up without the proper notice at a time when administrative claims were to be heard.

5. Local Rule 9013 requires 3 days for personal service and 7 days for mail service. As noted in Debtor's motion itself, there are numerous creditors who are not registered CM/ECF users whom Debtor reportedly mailed notice to on February 18, 2011, and hence may not even receive the mailing, especially since February 21, 2011 is a holiday) before the scheduled February 22, 2011 presentment date..

6. In fact, when Schwab requested that Debtor reschedule its motion as proper notice was not given and counsel could not make a court appearance personally, Debtor refused to do so.

7. There is no need to rush to a final decree for the convenience of Debtor or its counsel nor should the motion time be shortened for presentment as the rights of creditors are at stake and Debtor does not even give any compelling reason as to why it could not have given proper notice.

8. Finally, Debtor does not meet the statutory requirements for a final decree. In fact, as the trustee has not yet been discharged, Debtor cannot even meet one of the two requirements of 11 U.S.C. §350.

9. Debtor's reliance on the advisory committee notes as an end run around 11 U.S.C. §350 is misplaced.

10. As noted in *In re Shotkoski*, No. 09-6063, *5 (8th Cir. Bk.App.Panel. 2009), "there is a real question as to the current applicability of the Advisory Committee Note considering it was drafted in 1991" and there have been substantial changes to the Code since then.

11. As such, this Honorable Court should strike or deny Debtor's motion for entry of a final decree closing the case at this time.

WHEREFORE, Schwab prays that this Honorable Court enter an Order striking or denying Debtor's motion for entry of a final decree closing the above-captioned case and for any further and equitable relief as may be just.

Respectfully Submitted,
FRANK SCHWAB

BY: /s/ John Xydakis
John Xydakis
Attorney for Frank Schwab

Law Office of John S. Xydakis, P.C.
Suite 200
7518 W. Madison St.
Forest Park, IL 60130
(708) 771-8888